(No. 26919.—
WOJCIĘCH SROCZYNSKI, Appellee, *vs.* ADAM SCHULTZ,
Appellant.

*Opinion filed November 17, 1942.*

THOMAS F. ALLMAN, for appellant.

KELNER & KELNER, for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

Appellee, Wojciech Sroczynski, filed this complaint in
the superior court of Cook county to set aside and cancel
certain deeds conveying three tracts of his real estate to
appellant, Adam Schultz, and himself, as joint tenants, on
the ground that they had been procured by fraud. The
defendant answered, and the cause was heard before the
chancellor in open court, and resulted in a decree setting
aside the deeds. The appellant appeals directly to this
court because a freehold is involved.

The appellee, a man of Polish nationality, was eighty
years of age and could neither speak nor understand Eng-
lish. He was the owner of three separate tracts of real
estate in Cook county. His wife had recently died, and
he had no children or heirs. Chester Sroczynski, a young

man about twenty-one years of age, was considered by appellee as an adopted son, and had lived with the family since a small child. Adam Schultz was a nephew of the deceased wife, and had also lived in the family for many years.

The theory of the complaint is that after the death of appellee's wife appellant told plaintiff that upon his death all of his property would escheat to the State of Illinois, unless he took steps to dispose of it after his death; that appellee, reposing confidence in Schultz, requested him to arrange affairs so that after his death it would not escheat; that Schultz, in order to defraud appellee, induced him to execute deeds for his property to one Agnes M. Podbielski, without any consideration, and she immediately conveyed two of the parcels to Adam Schultz, Chester Sroczynski and Wojciech Sroczynski as joint tenants, when in fact he thought he was making a will or testament. The other tract was conveyed to appellee and Schultz in the same manner. All of the deeds conveyed a present vested interest in joint tenancy, with the right of survivorship. The complaint further recites it was not the intention of the appellee to convey any interest in his property in his lifetime. The answer admitted the making of the deeds, but says they were made for a consideration, and in full conformity with the desire, request and wish of appellee, and denied any fraud or misrepresentation in the procuring thereof.

The only contention of appellant is that the trial court erred in considering the evidence sufficient to authorize a decree setting aside the deeds. There is competent proof in the record to establish that appellee was eighty years of age, and that his wife had recently died. He had worked in the steel mills all of his life, and spoke Polish and could not understand English. He had no children or heirs-at-law, and there is little doubt but what Schultz told him that his property would escheat to the State or county in

case he died without disposing of it. It appears he trusted and relied upon Schultz, and desired him to arrange to fix the property so upon his death it would not escheat. He claims he wanted to make a testament or will; that he relied upon appellant to see that a will was prepared instead of deeds, and was deceived. Schultz claimed appellee wanted to make deeds, although upon cross-examination he admitted the plaintiff said he wanted to have a testament prepared.

The parties all went to the office of an insurance and real estate broker, who had been employed and paid by Schultz. When they arrived the deeds were already prepared, those conveying the property to Agnes M. Podbielski, and also the joint-tenancy deeds from Agnes M. Podbielski to Adam Schultz, Chester Sroczynski and Wojciech Sroczynski. There was no money consideration paid. Chester Sroczynski quitclaimed to appellee the interest conveyed to him by said deeds, prior to the institution of the suit. There is a great deal of disagreement as to what was said and done in the office of the broker, but the trial court believed, and properly we think, that the broker and some of appellant's witnesses were acting in collusion with appellant to defraud appellee. The trial court was very critical of the testimony of Schultz and of the broker Sadowski, and in his opinion deciding the case intimated the parties had "flirted with perjury."

There are many contradictory statements made by the witnesses, although the testimony of the appellee is fairly clear he intended only that arrangements be made to dispose of his property after his death, and did not authorize anyone to procure deeds of conveyance to appellant or his adopted son. The deeds conveyed present interest by which the grantees were entitled in their lifetime to part of the proceeds or rentals from the property, and there is some evidence that appellant, when questioned as to what he had done with the papers, struck the appellee.

The facts disclosed in the record are sufficient to sustain a decree for the plaintiff. We have examined with care the record in this case, and feel the trial court was justified in his suspicions of the veracity of some of the witnesses who testified for appellant. It is a well-settled principle that where a decree depends entirely upon the facts and the evidence heard in open court, the chancellor is in a better position than the reviewing court, by reason of his opportunity to observe the witnesses and their demeanor while testifying, to weigh the evidence, and his decision will not be disturbed unless it is palpably against the weight of the evidence. (*Gray* v. *Solomon,* 338 Ill. 433; *Page* v. *Keeves,* 362 id. 64; *Van Amburg* v. *Reynolds,* 372 id. 317.) In the latter case we said: "In considering assigned errors of fact, we are limited in the scope of our inquiry to a determination of whether the findings of fact made by the chancellor are clearly and palpably against the weight of the evidence. We will not reverse unless they are. [Citations.] This is especially true where the findings depend upon the credibility of witnesses, whose testimony was weighed by the chancellor."

No errors are assigned other than that the decree is not supported by the evidence, and that under the facts this court should reverse the trial court because his findings were against the manifest weight of the evidence. As we have pointed out, where there was sufficient evidence to show that advantage was taken of an old foreign-speaking man, unfamiliar with the English language and legal documents, by a trusted friend, assisted by persons employed by him, in order to procure a transfer of his property, under such circumstances we will not reverse a decree setting aside the transfer.

The decree of the superior court of Cook county is affirmed.

*Decree affirmed.*